**THE COOPER CASTLE LAW FIRM, LLP**
Michelle L. Valier, Esq. (11877)
5275 S. Durango Drive
Las Vegas, Nevada 89113
(702) 435-4175 Telephone
(702) 877-7424 Facsimile
E-Mail: mvalier@ccfirm.com
*Attorneys for Defendant*
*U.S. Bank National Association as Trustee for JPMorgan*
*Chase Mortgage Acquisition Trust 2006-HE3 Asset*
*Backed Pass Through Certificates, Series 2006-HE3*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FELY P. MABUTAS,<br><br>   Plaintiff,<br>vs.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. COOPER CASTLE LAW FIRM, LLP, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE3, DOES I through X and ROE CORPORATIONS I through X;<br><br>   Defendants. | Case No.: 2:11-cv-01771-JCM-PAL<br><br>(Eighth Judicial District Court<br>Case No.:  A-11-650626-C)<br><br><br>**<u>ORDER</u>** |

  This matter came before the Court for hearing on Plaintiff Fely Mabutas' Application for Temporary Restraining Order and Motion for Preliminary Injunction at 10:00 a.m. on November 16, 2011. Counsel for both parties appeared and made argument, in addition to the briefs and evidence filed in this matter. Having considered the motion, opposition, reply, the exhibits thereto, argument of counsel, and the pleadings and files herein, the Court finds as follows:

1.	Issuance of a Preliminary Injunction requires that the party seeking the relief demonstrate that there is a likelihood of success on the merits of the underlying claim; that without such relief that party will suffer irreparable harm; that the balance of hardships favors that party; and that the public interest would be harmed by the failure to grant the relief.

2.	The Plaintiff has not demonstrated that she is entitled to a Preliminary Injunction, because Plaintiff has not demonstrated a likelihood of success on the merits, that she will suffer irreparable harm, that the public interest would be served in any way, or that the balance of hardships weighs in her favor.

3.	The Court finds that the law in this District and the Ninth Circuit allows Defendant Mortgage Electronic Registration Services to act as the Lender's nominee in the Deed of Trust and allows MERS to take the actions necessary to secure the Lender's interests. Thus, the arguments related to the involvement of MERS in the Deed of Trust fail.

4.	The Court further finds that Plaintiff mistakenly relied on the version of NRS 107.080 *et seq.* that did not yet exist at the time the Trustee issued the Notice of Breach and Default and Election to Cause Sale of Real Property Under Deed of Trust ("Notice of Default"), and that because the statute does not apply retroactively, Defendants were not required to comply with NRS 107.080 as it was amended in 2009 after the Notice of Default issued.

5.	Plaintiff admits that she has defaulted on her payment obligations under the Promissory Note.

6.	The law in Nevada does not require a Lender to provide the Borrower with the original Note prior to initiating non-judicial foreclosure proceedings.

7.	Plaintiff has presented no evidence that the Lender is not entitled to foreclose under the Note and Deed of Trust.

8. Plaintiff has an adequate remedy at law in the event that there is a problem with the trustee sale and, therefore, will not be irreparably harmed by denial of the preliminary injunction.

9. The public interest does not apply in this case.

10. The relative hardships do not favor Plaintiff.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. No. 6) is DENIED.

Dated December 23, 2011.

*/s/ James C. Mahan*
The Honorable James C. Mahan
United States District Court Judge

*Respectfully submitted by:*

*/s/ Michelle Valier*
Michelle L. Valier, Esq. (11877)
5275 South Durango Drive
Las Vegas, Nevada 89113
*Attorneys for Defendant*
*U.S. Bank National Association as Trustee*
*for JPMorgan Chase Mortgage Acquisition*
*Trust 2006-HE3 Asset Backed Pass*
*Through Certificates, Series 2006-HE3*

*Approved as to form and content:*

_____
John Peter Lee, Ltd.
John Peter Lee, Esq.
Yvette R. Freedman, Esq.
830 Las Vegas Blvd South
Las Vegas, 89101
*Attorneys for Plaintiff*