1
2
3
4
5             UNITED STATES DISTRICT COURT
6                   DISTRICT OF NEVADA
7
8   FELY B. MABUTAS,                    2:11-CV-1771 JCM (PAL)
9              Plaintiff,
10  v.
11  MORTGAGE ELECTRONIC
12  REGISTRATION SYSTEMS, INC., et
    al.,
13
14             Defendants.
15
16                          **ORDER**

17   Presently before the court is plaintiff Fely Mabutas's motion for this court to reconsider its

18 denial of plaintiff's motion for a preliminary injunction. (Doc. #32).[1] Defendants Mortgage

19 Electronic Registration Systems, Inc. ("MERS") and U.S. Bank National Association ("U.S. Bank")

20 have filed an opposition (doc. #41), to which plaintiff has replied (doc. #44).

21   Also before the court is defendants' motion to dismiss. (Doc. #19). Defendant The Cooper

22 Castle Law Firm LLC has filed a joinder to the motion to dismiss. (Doc. #20). Plaintiff has filed

23 an opposition (doc. #24), to which defendants have replied (docs. #27 and #29). Plaintiff's

24 opposition is largely based on new facts and arguments that are not contained in the complaint.

25 Plaintiff's opposition requests leave to file an amended complaint based on the new facts and

26 _____

27   [1] Plaintiff requests this court take judicial notice of several exhibits she has filed in support
28 of her motion. (Doc. #38). This court grants the request.

**James C. Mahan**
**U.S. District Judge**

allegations.

**Facts**

The facts, as alleged in the complaint, establish that on June 15, 2006, plaintiff secured a loan to purchase property located at 212 Sierra Breeze Avenue, North Las Vegas, Nevada 89031. Compl. ¶¶ 10-12. The loan was secured by deed of trust on the property. Id at ¶ 12. The deed of trust recognizes that the borrower grants certain rights to MERS, including the right to foreclose on the security. *Id.* at ¶ 13. In December, 2008, MERS assigned the deed of trust to U.S. Bank, as trustee for J.P. Morgan Mortgage Acquisition Corp. 2006-HE3 (JPMAC 2006-HE3). *Id.*, Ex. 3. U.S. Bank, in turn, substituted The Cooper Castle Law Firm as trustee in place of MERS. *Id.*, at Ex. 4. Plaintiff subsequently fell behind on her mortgage payments. On February 10, 2009, defendant The Cooper Castle Law Firm, as trustee for U.S. Bank, recorded a notice of default and election to sell. *See id.*, Ex. 2.

Plaintiff now sues MERS, U.S. Bank, in its capacity as trustee, and The Cooper Castle Law Firm, alleging that the assignments and substitutions were all invalid and therefore these defendants have no interest in the deed of trust and cannot foreclose upon her home. This court previously denied plaintiff's motion for a preliminary injunction, finding among other things, that she had failed to establish a likelihood of success on the merits. *See* December 23, 2011, order, doc. #30. Plaintiff now seeks reconsideration of this court's December 23, 2011, order denying the motion for preliminary injunctive. Defendants, in turn, seek dismissal of the complaint.

**Discussion**

1. <u>Motion to Reconsider</u>

    *a.    Standard of Review*

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229

F.3d at 890; *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they would reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

      b.      Analysis

The court denies plaintiff's motion to reconsider, because plaintiff has failed to provide the court with any new evidence, has not persuaded the court that it has committed clear error, and has pointed to no intervening change in controlling law. *Id.* Instead, plaintiff contends that opposing counsel made material misstatements regarding the law and that this court improperly relied on persuasive authority from this district.

Plaintiff contends that defense counsel misstated the law when she represented to the court that there was no statutory requirement for defendants to attach a copy of the promissory note to the notice of default at the time the notice was sent. Plaintiff, pointing to NRS § 107.085, states that the law in effect at the time plaintiff received the default notice required that "a copy of the promissory note [be] attached to the notice." *See* NRS § 107.085(3)(b). Unfortunately for plaintiff, she fails to acknowledge subsection (1)(b) of this statute, which makes clear that it applies *only if* "the trust agreement is subject to the provisions of § 152 of the Home Ownership and Equity Protection Act of 1994, 14 U.S.C. § 1602(aa), and the regulations adopted by the Board of Governors of the Federal Reserve System pursuant thereto, without limitation, 12 C.F.R. § 226.32." *See* Pl.'s Mot. Reconsider, Ex. 2, p. 8, 2009 Amendments to NRS § 107.085. The complaint complains no allegation that plaintiff's foreclosure was a transfer in trust wherein the trust agreement was subject to the Home Ownership and Equity Protection Act of 1994. Accordingly, § 107.085 does not apply and defense counsel's failure to address the statute was immaterial.

Second, this court made clear, on the record, why it was choosing to apply the persuasive authority of *Ramos v. Mortgage Electronic Registration System, Inc.*, 2009 WL 5651132 (D. Nev. 2009). The court in *Ramos* encountered language in a deed of trust that was identical to the language at issue in the instant deed and found that the same attacks Ms. Mabutas raises to the deed of trust were unavailing. The facts of the two cases were parallel. The reasoning of the *Ramos* court was

- 3 -

James C. Mahan
U.S. District Judge

1  sound. This court followed the persuasive authority – as have a dozen other courts. The court
2  previously declined, and still declines, plaintiff's invitation to apply the Nevada Supreme Court's
3  reasoning in *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011), to the facts of the
4  instant case, as the *Leyva* court was not considering the requirements of non-judicial foreclosure, but
5  instead determining the requirements of Nevada's foreclosure mediation program.

6  2.   Motion to Dismiss

7       a.   *Standard of Review*

8       Motion to Dismiss

9  A plaintiff must include a "short and plain statement of the claim showing that the pleader
10 is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the
11 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*
12 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil
13 Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief
14 can be granted."

15 Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor*
16 *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a
17 complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its
18 face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not
19 akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility
20 that a defendant has acted unlawfully. *Id.*

21      b.   *Analysis*

22      First Cause of Action: Fraud

23 Plaintiff's first cause of action alleges fraud, based on the theory that MERS had no authority
24 to assign the deed of trust or substitute the trustee. This theory has been thoroughly addressed, and
25 rejected, by a variety of courts. The Multidistrict Litigation Panel addressed this specific issue and
26 held:

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

> Plaintiffs allege that Defendants have not substantially complied [with Nevada's nonjudicial foreclosure statute] because the parties which issued the commenced foreclosure were not proper parties either because the notes were rendered unsecured by transfer or the MERS assignments were invalid. As discussed above, the Court rejects this overarching split the note theory and finds that MERS may perform valid assignments. Again, [c]ourts in Nevada have consistently held that MERS assignments are not cause to enjoin non-judicial foreclosure.

*In re Mortgage Electronic Registration Systems (MERS) Litigation*, MDL Docket No. 09-2119-JAT, October 3, 2011 at 11:1-6 (internal citations omitted).

Further cases disputing this theory are legion. The court finds it appropriate to dismiss the first cause of action.

<u>Second Cause of Action: Wrongful Foreclosure</u>

Plaintiff next alleges that defendants wrongfully foreclosed upon her property. "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised, or the foreclosure occurred, no breach of condition or failure of performance existed. . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Plaintiff does not dispute that the property has not been sold, thus a claim for wrongful foreclosure is premature. *See Huggins v. Quality Loan Servicing, LP*, 2011 WL 310490 at *5 (D. Nev. Jan. 27, 2011). Moreover, plaintiff has admitted to this court that she is not current on her loan payments, *see doc. #17,* Transcript of Proceedings at 25:11-26:6, thus she cannot establish that "no breach of condition or failure of performance existed." *See Collins*, 2011 WL 310490 at *5.

Plaintiff's cause of action for wrongful foreclosure must be dismissed.

<u>Third Cause of Action: Violation of NRS § 107</u>

Plaintiff alleges that defendants failed to comply with the requirements of NRS § 107.085. As explained above, this statute does not apply to plaintiff because she fails to allege that her trust agreement was subject to the Home Ownership and Equity Protection Act of 1994.

Additionally, plaintiff alleges that the notice of default fails to describe the deficiency in performance or payment. The exhibits attached to the complaint, however, make clear that the notice specifically stated that plaintiff had failed to pay the monthly "Installment of Principal, Interest, interest and late fees which became due August 1, 2008." Compl., Ex. 2. Such descriptions have

James C. Mahan
U.S. District Judge

- 5 -

1  been found sufficient. *See Riley v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 1979831 (D. Nev. 2011).

   This cause of action is dismissed.

   <u>Fifth Cause of Action:  Interference with Contractual Relationship</u>[2]

   To state a claim for interference with a contractual relationship, plaintiff must allege (1) there existed a valid contract between plaintiffs and a third party, (2) defendant knew of the contract, (3) defendant committed intentional acts intended or designated to disrupt the contractual relationship, (4) there was an actual disruption of the contract, and (5) plaintiffs sustained damages as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.,* 109 Nev. 1043, 1049, 862 P.2d 1207 (1993).

   Plaintiff alleges that defendants attempted to interfere with her contract with the original lender, Resmae Mortgage Corporation, by "purport[ing] to transfer or assign [Resmae's] interest in the Note . . . and attempt[ing] to foreclose on [Resmae's] interest in the Deed of Trust. . . ." Compl. ¶ 47.  These allegations make apparent that plaintiff is attempting to assert this claim on behalf of Resmae.  Plaintiff provides the court with no authority for her standing to do so.  Moreover, as explained above, courts have uniformly endorsed the ability of MERS to make assignments.

   <u>Sixth Cause of Action: Slander of Title</u>

   Plaintiff reincorporates the arguments alleging fraud in her sixth cause of action.  Plaintiff makes the same factual assertions and alleges that The Cooper Castle Law Firm slandered the title to the property when it recorded the notice of default and election to sell.  For a cause of action to succeed for slander of title, plaintiff must show that defendants made "false and malicious communications, disparaging to [his] title in land, and causing special damage." *Higgins v. Higgins,* 103 Nev. 443, 445 (Nev. 1987) (citations omitted).  In essence, plaintiff alleges that because MERS did not have the authority to substitute The Cooper Castle Firm as trustee, the firm was slandered the title by recording a notice of default that it had no authority to record.

   As explained above, MERS did have such authority.  Moreover, the notice of default did not contain false statements, because plaintiff does not dispute that she had defaulted on her note.

---

[2] The complaint does not contain a fourth cause of action.

1   Again, dismissal of this cause of action is appropriate.

2   3.   Leave to Amend

3   As explained previously, plaintiff's opposition requests leave to file an amended complaint. "The original proposed amended pleading shall be signed and attached to any motion to amend a pleading." LR 15-1(a).  Plaintiff has failed to comply with the local rule, accordingly, her request for leave to amend is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reconsideration (doc. #32), be and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #19) be, and the same hereby is, GRANTED.

The clerk of the court shall enter judgment in favor of the defendants.

DATED May 3, 2012.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE